ROSE v. HIRSH et al.

(Circuit Court, E. D. Pennsylvania. January 24, 1896.)

No. 58.

1. EQUITY PLEADING—PATENT INFRINGEMENT SUITS—MULTIFARIOUSNESS.
   A single suit upon two patents is not multifarious, when the subject-matters are capable of conjoint use, and are in fact conjointly used.

2. PATENTS—INVENTION.
   There is no invention in applying an old form of metal tube to the new use of forming the supporting rod or stick of an umbrella or parasol.

3. SAME—INFRINGEMENT.
   A claim for an umbrella case consisting of a slitted leather tube having an internal socket at its lower end to receive the projecting end of the umbrella stick, and a ferrule applied to the lower end of the case, is not infringed by a case which has no internal socket, but in which the desired result of filling out the lower end of the case so as to give it the appearance of a walking stick is attained by placing a "false tip" upon the projecting end of the umbrella stick.

4. SAME—UMBRELLA CASES.
   The Rose patent, No. 504,944, for improvements in umbrella sticks, is void as to both its claims, for want of invention.

5. SAME.
   The Rose patent, No. 504,945, for an improvement in umbrella cases, construed, and *held* not infringed.

This was a bill in equity by John Rose against Hirsh & Bros. for alleged infringement of two patents for improvements in umbrellas.

Henry E. Everding, for complainant.
Strawbridge & Taylor, for defendants.

DALLAS, Circuit Judge. The defendants are charged with infringement of two patents which were issued to the plaintiff upon September 12, 1893. Their subject-matters are capable of conjoint use, and are in fact conjointly used. Therefore this single suit for the alleged infringement of both of them is not multifarious, but it is necessary to consider them separately.

1. No. 504;944 contains four claims. Those involved in this case are as follows:

"(1) A tubular metal stick for umbrellas or parasols, said stick being drawn down near one end so that the tubular end portion of the stick is reduced in diameter and increased in thickness, as compared with the body of the stick, substantially as specified.

"(2) The combination of the tubular metal stick, drawn down near one end so that the tubular end portion of the stick is of less diameter than the body, with the notch applied to said reduced tubular portion of the stick, and the ribs hung to the notch and fitted snugly against the enlarged body of the stick, substantially as specified."

It may, upon the proofs, be confidently said that metal tubes were old, that drawing them down at one end was not new, and that the ordinary and probably inevitable result of that operation has always been to reduce their diameter, and incidentally to thicken the walls of the reduced portion. Consequently, if there was patentable novelty in the device of the first claim, it must have been due to the use or adaptation of such a tube for an umbrella stick. Irrespective of the several patents which have been adduced by the defendants, which it is not necessary to consider, it may be assumed, without so deciding, that the specific metal tubes described in the patent were first applied to umbrellas or parasols by the patentee. But conceding that the idea of so applying them was his, and was a good one, still, in carrying it out, he invented nothing. All that he did was to transfer a well-known thing from other branches of industry. It is true that those other industries are not analogous to umbrella making, but it is also true that, at least as to some of the instances testified to, metallic tubes were commercially well known which were substantially identical with those of the patent, and which required not even the exercise of mechanical ingenuity to adapt them to the new use. This claim, being essentially for a form of metal tube which was old, is not aided by calling that tube a "stick," and by suggesting its employment as the supporting rod of an umbrella or parasol. The second claim falls with the first. The complainant's brief admits that, "if claim 1 is invalid, then claim 2, of necessity, is void."

2. Of patent No. 504,945, the only claim in question is as follows:

"(1) The within-described umbrella case, the same consisting of a tube of leather slitted and provided with fastening devices at the upper end, and having at the lower end an internal socket extending throughout the length of the projecting end of the umbrella stick, and fitting snugly thereto, and a ferrule applied to the lower end of said stick, substantially as specified."

Umbrella cases, consisting of a tube of leather slitted and provided with fastenings at the upper end, were unquestionably old. The only novel feature of the device claimed is its internal socket; and this, without according to the claim a breadth of construction to which it is not entitled, the defendants cannot be found to have appropriated. The statement that there is "a ferrule applied to the lower end of said stick," is, in the absence of explanation, meaningless. Upon the argument the learned counsel for the complainant

suggested that there should be substituted for the language used, the words, "and, in addition to a ferrule on the stick, a ferrule on the case." Nothing, however, respecting an umbrella stick, can thus be imported into a claim for an umbrella case. Still, I do think it fair, and perhaps not inadmissible, to substitute for the word "stick" the word "case"; and the phrase will accordingly be so read, in order to render it, with the least possible change, consistent with the context, and expressive of the manifest intent of the draftsman. We have, then, a socket at the lower end of the case, which is described as being internal, and extending throughout the length of the projecting end of the umbrella stick, and fitting snugly thereto, and as having a ferrule applied to the lower end of said case. Such is the complainant's device. The respondents' contrivance is different, in that it does not at all consist of a socket within the case. They place a "false tip" upon the projecting end of their umbrella stick, and by so doing they render any socket within the case unnecessary. The plaintiff's socket in the case, and the defendants' false tip to the umbrella, attain the same end. They both cause the lower end of the case, when it is in use, to be completely filled, and so to have, as a whole, the desired appearance of a walking stick, but the means employed are not identical. The patented arrangement provides for uniformity of outline where the diameter of the protruding end of the umbrella stick is less than that of the leather cover, but by the alleged infringement that result is accomplished by making the end of the stick of the umbrella itself so large as to fill a cover which is not provided with any socket whatever. In short, the defendants do not need the plaintiff's case. One of the old style answers their purpose, and they use no other. It is possible that, if false tips had never before been used, the defendants' resort to them might have justified the imputation that their employment amounted to nothing but a mere reversal of parts, and an attempt to avoid responsibility for infringement by changing the form, while still adopting the principle, of a patented invention; but the evidence respecting the prior state of the art requires that Rose should be limited, as against these defendants, to the specific construction which he has described and claimed. False tips were well known long before his patent was issued, and it did not, and could not, confer upon him any right to prevent their use by any one, though they should be made of such size and shape as to conform them to the contour of an ordinary umbrella case. The bill is dismissed, with costs.